## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

**JEREMY DELANEUVILLE**                                                **PLAINTIFF**

**v.**                                                **CAUSE NO. 1:22-cv-52-LG-RPM**

**JACKSON COUNTY, MISSISSIPPI**                                                **DEFENDANT**

### ORDER OF DISMISSAL FOR LACK OF PROSECUTION

**THIS MATTER IS BEFORE THE COURT** *sua sponte.  Pro se* Plaintiff
Jeremy Delaneuville brings this conditions-of-confinement Complaint under 42
U.S.C. § 1983.

On March 15, 2022, Delaneuville was ordered to pay the required filing fee or
file a complete application for leave to proceed *in forma pauperis*, "including the
section entitled 'Certificate to Be Completed by Authorized Officer' of prison
accounts or file an affidavit specifically stating the name of the prison official
contacted concerning the Certificate and why this information is not provided to
this court." (Order 1, ECF 3).  Delaneuville responded to the Court's Order but
failed to file the required Certificate or an affidavit explaining the deficiency.
(Response, ECF 4).

Delaneuville was then ordered to show cause why this case should not be
dismissed for his failure to comply.  (Order to Show Cause, ECF 6).  He was given
another opportunity to file the required Certificate or an affidavit on or before May
12, 2022.  (Order to Show Cause, ECF 6).  The Order to Show Cause warned
Delaneuville that "failure to advise this Court of a change of address or failure to

fully comply with this Order in a timely manner will result in the dismissal of this case, without further notice to the Plaintiff." (Order to Show Cause 2, ECF 6). That Order was mailed to Plaintiff's last-known address at the Jackson County Adult Detention Center, and it was returned as undeliverable. (Envelope, ECF 7).

When Delaneuville failed to comply within the deadline, the Court entered a Final Order to Show Cause. (Final Order to Show Cause, ECF 8). The Court extended Delaneuville's deadline to June 14, 2022, and warned him again that failure to comply or to advise the Court about a change of address may result in the dismissal of his case. (Final Order to Show Cause 2, ECF 8). The Court also directed that a copy of its Order be mailed to Plaintiff's last-known address and to Plaintiff's attention at the Central Mississippi Correctional Facility ("CMCF") (Final Order to Show Cause 2, ECF 8)—which the Mississippi Department of Corrections lists as his current facility of residence, *see* Inmate Details, *available at* https://www.ms.gov/mdoc/inmate/Search/GetDetails/143809 (last visited Aug. 15, 2022). The Final Order to Show Cause was in fact mailed to Plaintiff's last-known address and to his attention at CMCF. The Order mailed to Jackson County Adult Detention Center was returned as undeliverable (Envelopes, ECF 9-10), but the Order mailed to CMCF was not. Delaneuville did not respond.

Out of an abundance of caution, the Court extended Delaneuville's time within which to show cause through August 8, 2022. (Order Granting Extension of Time Within Which to Show Cause, ECF 11). The Court again advised Delaneuville that his failure to comply or otherwise communicate with the Court "***will result*** in

this lawsuit being dismissed without prejudice and ***without*** further notice to him."
(Order Granting Extension of Time Within Which to Show Cause 3, ECF 11)
(emphasis in original).  The Court mailed copies of every order entered in this case
to Plaintiff's last-known address and to his attention at CMCF.  Again, the copies
mailed to Jackson County Adult Detention Center were returned as undeliverable
(Envelope, ECF 12), but the copies mailed to CMCF were not.  Again, Delaneuville
did not respond and has not communicated with the Court about his case since
April 1, 2022.  (*See* Response, ECF 4).

Delaneuville failed to comply with four Court Orders and failed to advise the
Court of his current address.  The Court clearly warned Delaneuville many times
that failure to comply with Orders or failure to advise the Court of a change of
address would lead to the dismissal of this case.  (Order Granting Extension of Time
Within Which to Show Cause 3, ECF 11; Final Order to Show Cause 2, ECF 8;
Order to Show Cause 2, ECF 6).

The Court may dismiss an action for a plaintiff's failure to prosecute under
Federal Rule of Civil Procedure 41(b) and the Court's "'inherent power' . . . to
manage [its] own affairs." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962);
*McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). The Court must be
able to clear its calendar of cases that remain dormant because of the inaction or
dilatoriness of the parties seeking relief to achieve the orderly and expeditious
disposition of cases. *Link,* 370 U.S. at 630–31. Such a "sanction is necessary in order
to prevent undue delays in the disposition of pending cases and to avoid congestion

in the calendars of the District Courts." *Id.* at 629–30. This record reflects that lesser sanctions than dismissal have not prompted "diligent prosecution" but have instead "proved to be futile." *See Tello v. Comm'r*, 410 F.3d 743, 744 (5th Cir. 2005) (quoting *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992)). Dismissal without prejudice is warranted. *See, e.g.*, *Rice v. Doe*, 306 F. App'x 144, 146 (5th Cir. 2009) (affirming *sua sponte* dismissal of *pro se* prisoner case for failure to comply with district court's order to further identify the defendants).

**IT IS THEREFORE ORDERED AND ADJUDGED** that this lawsuit is **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED AND ADJUDGED** this the 16th day of August, 2022.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE

4